**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JESUS BARRANCO** and **KRISTA BUSSI,**<br><br>Plaintiffs,<br><br>v.<br><br>**TENTANDTABLE.COM, LLC**,<br>   d/b/a Tent and Table,<br>**S AND B HARDWARE, INC.**,<br>   d/b/a Tent and Table, and<br>**BRETT BEGLEY,** an individual,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><u>**JURY TRIAL REQUESTED**</u> |

## INTRODUCTION

1. This is a wage claim. Relevant here, Defendants are in the business of renting out and selling commercial grade party supplies such as large tents. Plaintiffs, who are husband and wife, worked as a sales team for Defendants. He was the salesperson; she handled the administrative and support tasks related to the sales functions. There were two primary ways in which the Plaintiffs were underpaid. First, Defendants did not pay them overtime correctly. Second, Defendants failed to pay a commission related to a particularly large sale, attempting to renege on the commission structure on the ground that the payment would have been for "too much money."

2. To challenge these and other wage violations, Plaintiffs bring this action, by and through their attorneys, against related Defendants TantandTable.com, LLC, S and B Hardware, Inc., and Brett Begley, an individual, to recover unpaid or underpaid wages and other

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "FLSA") and the New York Labor Law, Art. 19. (hereinafter, "NYLL").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 et seq. A significant portion of the events giving rise to the instant litigation occurred within this district and the individual Defendant and corporate Defendants named herein reside in this district.

## PARTIES

**Corporate Defendants**

6. Defendant **TentandTable.com, LLC** (hereinafter "Tent and Table") is a New York corporation doing business within Erie County, whose principal place of business is located at 3336 Bailey Avenue, Buffalo, NY 14215. Its DOS Process agent is listed with the NYS Department of State as TentandTable.com, LLC at the same address.

7. Defendant S and B Hardware, Inc. (hereinafter "S & B") is a New York corporation doing business within Erie County, whose principal place of business is located at 3336 Bailey Avenue, Buffalo, NY 14215. Its DOS Process agent is listed with the NYS Department of State as The Corporation at the same address.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 2

8. Tent and Table and S & B are both owned and operated by Defendant Begley, upon information and belief.

9. Defendants Tent and Table and S & B both operate from the same physical address, located at 3336 Bailey Ave in Buffalo, New York.

10. The storefront is advertised as Defendant S & B.

11. Tent and Table products are sold and rented out of S & B.

12. Defendants also both store its products at the same warehouse located at 60 Clyde Ave in Buffalo.

13. Plaintiffs represented themselves as a sales team for Tent and Table.

14. Even after Plaintiffs' departure, Defendant Brett Begley continued referring to Plaintiff Barranco as a Tent and Table employee.

15. Plaintiffs received their paychecks from "S & B Hardware Inc dba Tent and Table".

16. At all relevant times, the entities had annual gross revenues in excess of $500,000.

17. At all relevant times, Defendants have been engaging in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

19. At all times material to this action, Defendants have been subject to the FLSA and were "employers" of the Plaintiffs, as defined by § 203(b) of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 3

### Defendant Brett Begley

20. Defendant Brett Begley, an individual, resides in Buffalo, New York, in Erie County, upon information and belief.

21. Defendant Begley has an ownership interest in and/or is a shareholder of corporate Defendants S & B and Tent and Table.

22. Defendant Begley is one of the ten largest shareholders of corporate Defendants S & B and Tent and Table.

23. At all times material to this action, Defendant Begley actively participated in the business of the corporate entities.

24. At all times material to this action, Defendant Begley exercised substantial control over the functions of the companies' employees, including Plaintiffs.

25. Defendant Begley has the power to hire and fire, set rates of pay, set company policy, and direct the activity of each employee.

26. Defendant Begley was Plaintiffs' boss.

27. Defendant Begley makes the final determination as to how commissions are paid.

28. At all times material to this action, Defendant Begley was an additional "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

### Plaintiffs Jesus Barranco and Krista Bussi

29. Plaintiff Jesus Barranco and Plaintiff Krista Bussi, a married couple, reside in Getzville, New York, which is in Erie County.

30. At all times material to this action, Plaintiffs were "employee[s]" within the meaning of 29 U.S.C. § 203(e).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 4

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

31. Plaintiff Jesus Barranco worked as a sales representative starting on July 1, 2018, and Plaintiff Krista Bussi worked as a sales administrator starting in May 2020. They both voluntarily resigned on January 28, 2022.

32. Plaintiff Barranco started out making a base hourly rate of $15 an hour, then in 2019 it was raised to $16 an hour. His compensation also included a commission on a percentage of the gross profit of sales he made.

33. Specifically, the terms of the agreement were that Plaintiff Barranco was to receive:

| Annual Sales | Commission Percentage |
|---|---|
| $0-249,999 | 7 |
| $250,000-499,999 | 8 |
| $500,000-749,999 | 9 |
| $750,000-999,999 | 10 |
| $1,000,000-1,499,999 | 11 |
| $1,500,000-1,999,999 | 12 |
| $2,000,000-2,499,999 | 13 |
| $2,500,000-2,999,999 | 14 |
| $3,000,000-3,499,999 | 15 |
| $3,500,000-3,999,999 | 16 |
| $4,000,000-4,999,999 | 17 |
| $5,000,000+ | 18 |

34. Defendants paid Plaintiff Barranco's commissions in a consistent manner prior to the sale described below.

35. Plaintiff Barranco made a sale with Fairfax school district on March 19, 2021, which was valued at approximately $800,000. Based on the existing commission structure, Plaintiff Barranco earned approximately $50,000 in commissions from the sale. He did not receive this payment.

36. After the order was completed, Plaintiff's first component of the commission payout including the subject sale was paid correctly. However, Defendant Begley then instructed

his payroll department to change the sales figures to reduce the commissions owed to Plaintiff Barranco and reverse the funds already sent to him.

37. Plaintiff Bussi's pay rate of pay was $16 per hour throughout her employment

38. Moreover, Defendants had a company-wide "Bonus Program" that Plaintiffs were enrolled in which should have afforded them additional compensation.

39. Plaintiffs worked their scheduled hours from 8:30 AM to 5:00 PM and were required to be available until 8:00 PM during the week. Plaintiffs also worked for one Saturday each month from approximately 9:00 AM to 6:00 PM.

40. Defendants were aware of Plaintiffs' working hours. In fact, Defendant Begley consistently sent them sales calls at night, even if they were in the middle of eating dinner together or trying to relax after working their regularly scheduled hours.

41. Plaintiffs estimate that they generally worked around 55 hours per week for a total of 40 weeks out of the year and approximately 64 hours for the remaining 12 weeks.

42. Plaintiffs were expected to report their time worked to some extent, but Defendants did not account for, or pay, Plaintiffs for all the time they actually worked.

43. As part of its compensation policy, Defendants mandated that employees would not be paid over 45 hours in a workweek no matter how many hours they worked that week.

44. Assuming some or all of the time outside of their scheduled working hours was also considered compensable work time under the labor laws, Plaintiffs regularly "worked" more than 40 hours a week most if not all weeks of their employment.

45. Defendants "shaved" or improperly adjusted Plaintiff's time by refusing to pay Plaintiffs for more than 45 hours each week despite regularly working over that amount. In fact, Defendants issued a companywide memo to reiterate that overtime pay would be capped

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 6

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

in response to one of the employees who needed to work longer hours because of her difficulty with understanding the technological aspect of her position. Additionally, there was also a Zoom meeting with the entire sales team at which they were all told about the cap on their hours.

46. Defendants failed to pay the Plaintiffs for all of their compensable overtime hours.

47. For purposes of overtime compensation, Plaintiff Barranco's regular rate should be computed in such a way as to include the commissions he earned commissions, pursuant to 29 CFR § 778.117.

## **LEGAL CLAIMS**

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

48. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

49. Defendants failed to compensate Plaintiffs at a rate of one- and one-half times their regular rates for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

50. Defendants repeatedly failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

51. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

DocuSign Envelope ID: 6F7A46EB-ECEE-4FD6-9ADF-66FEA2610E48

52. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

53. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

54. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

55. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Overtime*

56. Defendants failed to compensate Plaintiffs at a rate of one- and one-half times their regular rates for all hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure to Pay Wages*

57. Defendants failed to pay Plaintiffs the wages they should have received for all the time they worked and for all commissions owed, in violation of NYLL §§ 191, 193, 198 and 663.

*Failure to Provide Wage Notices*

58. Defendant failed to furnish either Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 8

name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

*Record-Keeping Failures*

59. At all relevant times, Defendant failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

60. At all relevant times, Defendant failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

61. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

62. Due to Defendant's New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**As And For A Third Cause of Action:
BREACH OF CONTRACT/UNJUST ENRICHMENT**

63. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

64. Plaintiffs and Defendants had an implied employment contract insofar as the employment

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 9

relationship is inherently contractual in nature.

65. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

66. Specifically, Defendants agreed to pay Plaintiff Barranco and Plaintiff Bussi for all hours they worked. Additionally, Defendants agreed to pay Plaintiff Barranco commissions for his completed sales.

67. By failing to pay Plaintiffs these amounts Defendants breached their contracts of employment with Plaintiffs.

68. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiffs. Defendants are liable to Plaintiffs in the amount of compensation unlawfully withheld from them, and other appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiffs liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiffs any appropriate non-duplicative breach of contract and/or unjust enrichment damages;

(E) Award Plaintiffs interest;

(F) Award Plaintiffs the costs of this action together with reasonable attorneys' fees;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 10

and

(G) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **19th** day of **December, 2022.**

>GATTUSO & CIOTOLI, PLLC
>s/ Ryan Files
>**Ryan Files, Esq. (RF 702255)**
>*rfiles@gclawoffice.com*
>Frank S. Gattuso**, Esq. (FG 513636)**
>*fgattuso@gclawoffice.com*
>7030 E. Genesee Street
>Fayetteville, New York 13066
>315-314-8000
>
>ANDERSONDODSON, P.C.
>
>*s/ Penn Dodson*
>Penn A. Dodson
>*pro hac vice admission forthcoming*
>11 Broadway, Suite 615
>New York, NY 10004
>(212) 961-7639
>*penn@andersondodson.com*
>
>Attorneys for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*
USDC, Western District of New York

Complaint
Page 11

# VERIFICATION

**I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.**

Executed on ___12/12/2022___ at ___12/12/2022___
 (date)   (city or other location, and state)

___Jesus Barranco___   ___/s/ Jesus Barranco___
Printed Name of Plaintiff   Signature of Plaintiff

___Krista Bussi___   ___/s/ Krista Bussi___
Printed Name of Plaintiff   Signature of Plaintiff

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Barranco v. Tentandtable.com, LLC, et al*   Complaint
USDC, Western District of New York   Page 12